UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA MITCHELL-LEWIS,

Plaintiff,

-against-

SHAWN DIDDY COMBS aka PUFF DADDY; ALVIN BRAGG; LETITIA JAMES,

Defendants.

1:25-CV-5084 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff Sandra Mitchell-Lewis, appearing *pro se*, brings this action invoking the court's federal question jurisdiction, asserting violations of due process and of other constitutional rights, including those arising under the Thirteenth Amendment.[1] (ECF 1, at 2.) She seeks damages and injunctive relief. Plaintiff sues: (1) the recording artists known as Shawn "Diddy" Combs, also known as "Puff Daddy"; (2) New York County District Attorney Alvin Bragg; and (3) New York State Attorney General Letitia James. The Court construes Plaintiff's claims as brought under 42 U.S.C. § 1983 and under state law.

By Order dated November 7, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. (ECF 4.) For the reasons set forth below, the Court dismisses this action.

[1] Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, a court submission may refer to a person's date of birth by revealing only the person's birth year. *See* Fed. R. Civ. P. 5.2(a)(2). The protection of this rule is waived if the person filing the court submission has revealed their own protected information. *See* Fed. R. Civ. P. 5.2(h). Plaintiff's complaint reveals the complete date of birth of a person other than Plaintiff who is not a filer in this action. For this reason, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint and its attachments.[2] Plaintiff alleges that the events that are the basis for her claims occurred on March 5, 2016. She "[b]elieves [that her] [s]tolen [d]aughter [was] kicked [and] traded." (ECF 1, at 5.) Plaintiff seems to assert that, in 1988, in a New Jersey hospital, she gave birth to a female child that she was informed died shortly after birth. (*Id.* at 14.) In 1991, Plaintiff claimed that the child that died was not the child she gave birth to and that "the baby that she gave birth to was switched by the hospital personnel." (*Id.*) A birth mark on her child's left heal was not present on the child that died. (*Id.*) "DNA testing was performed on the dead baby and [Plaintiff]. However the State Medical Examiner expressed doubt that these tests could be conclusive because of the poor quality of the conditions of the specimens taken from the [deceased] baby." (*Id.*)

Plaintiff seems to believe that a person named Cassy or Cassie Ventura "displays a birthmark of [Plaintiff's] stolen baby." (*Id.* at 5.) She also alleges that "the organized crimes that followed include" the alleged kidnapping her child in 1988 "and a host of other incidents fearful to the participants many orphans stolen. Some changed and [were] forced to participate in an organized underworld." (*Id.*) Plaintiff mentions an "organized institutional system of [b]lack market sex slave trade today terrorism, . . . all manner of abuse." (*Id.* at 5-6.) She asserts that there is a "[t]elevised case in court [in which she was] unable to get through to state offices for inclusion in [the] case." (*Id.* at 5.)

[2] The Court quotes from the complaint and its attachments verbatim. All spelling, grammar, and punctuation appear as in the complaint and its attachments unless noted otherwise.

In the injuries section of her complaint, Plaintiff states that, for 30 years, she has been searching for her "stolen child," suffered many "transexual assaults," and has suffered "mental abuse [and] bodily harms." (*Id.* at 6.)

In addition to damages, Plaintiff asks the Court for a "[r]estraining order for parties with stolen children to confess, with aliev[i]ation of prosecution," a "protective order for the stolen [and] family reunification," "identity protections for [her]," and a "[b]lood test with Cassy Ventura [and] Shawn Combs." (*Id.*)

## DISCUSSION

### A. Claims on Behalf of Ventura

Plaintiff appears to be asserting claims on behalf of Ventura. To the extent that Plaintiff asserts claims on behalf of someone else, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quoting *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991)). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff gives no indication that she is an attorney. The Court therefore dismisses without prejudice all claims that Plaintiff asserts *pro se* on behalf of anyone else, including Ventura.

**B. Claims Under 42 U.S.C. § 1983 Against Combs**

The Court must dismiss Plaintiff's claims of federal constitutional violations against Combs under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff has not alleged that Combs, a private person, is a state actor or that his conduct can be attributed to the state. *Cf. Vazquez v. Combs*, No. 1:04-CV-4189 (GEL), 2004 WL 2404224, at *3-4 (S.D.N.Y. Oct. 22, 2004) (discussing how Combs, a private person, did not conspire with a state actor). The Court therefore dismisses Plaintiff's claims under Section 1983 against Combs for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Claims Under Section 1983 Against Bragg and James**

To the extent that Plaintiff asserts claims under Section 1983 against Bragg and James, the Court must also dismiss those claims. To state a Section 1983 claim against an individual state actor, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). An individual state-actor may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a . . . [government] official liable under [Section]

1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts to suggest that Bragg or James were directly and personally involved in any alleged violations of the Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against Bragg and James for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii)

**D. Additional Reasons for Dismissal**

To the extent that Plaintiff asserts claims for damages under Section 1983 against Bragg and James arising from their prosecutorial decisions, the Court dismisses those claims under the doctrine of prosecutorial immunity and, therefore, as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (prosecutorial immunity applied to prosecutors' decisions as to "whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas"); *see also Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

To the extent that Plaintiff seeks to file a criminal action against any other Defendant, the Court must dismiss those claims for lack of standing and for lack of subject matter jurisdiction. "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (per curiam). Thus, Plaintiff lacks standing to cause the federal criminal prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973). The Court therefore dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of Defendants, for lack of standing. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).

**E. Claims Under State Law**

A federal district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims over which the Court has original subject-matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order. The Court dismisses Plaintiff's claims that Plaintiff brings on behalf of anyone else, including Ventura, without prejudice. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Combs for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims under Section 1983 against Bragg and James as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from Defendants that are immune from such relief. *See* § 1915(e)(2)(B)(i), (ii), (iii). In addition, to the extent that Plaintiff seeks the criminal prosecution of Defendants or others, the Court dismisses those claims for lack of subject-matter jurisdiction, due to lack of standing. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

The Court further directs the Clerk of Court to mail a copy of this order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge